**LUJAN AGUIGUI & PEREZ LLP**
Suite 300 DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064
Facsimile (671) 477-5297

*Attorneys for Plaintiff*

FILED
DISTRICT COURT OF GUAM
AUG 17 2012 nbo
JEANNE G. QUINATA
CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

ROLANDO T. CANOY,

Plaintiff,

vs.

BLACK CONSTRUCTION COPRPORATION; DOE DEFENDANTS 1-100,

Defendants.

Civil Case No. 12-00012

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR EMPLOYMENT DISCRIMINATION; DEMAND FOR JURY TRIAL

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF FOR EMPLOYMENT DISCRIMINATION

## GENERAL ALLEGATIONS

1. This action is brought by Plaintiff Rolando T. Canoy ("Plaintiff Canoy") to secure redress for Defendant Black Construction Corporation's ("BCC") violation of his civil right to be free from employment discrimination on the basis of his religion and his religious practices.

2. In accordance with his religious beliefs and as a part of the exercise of his religion, Canoy is a practicing member of the Catholic Church.

3. While working for Defendant for approximately six (6) months, Plaintiff Canoy, an observant Catholic, was unlawfully harassed and compelled by Defendant BCC to dishonor his Catholic beliefs to remain in good standing with Defendant and was subsequently terminated

ORIGINAL

for refusing, as a condition of his employment, to become a member of and/or participate in the Iglesia Ni Cristo (INC) Church.

4. Defendant unlawfully failed to accommodate and respect Plaintiff Canoy's sincerely held religious beliefs.

5. Plaintiff Canoy was required and/or coerced to abandon, alter, or adopt a religious practice as a condition of employment and/or was subjected to unwelcomed statements and/or conduct by Defendant BCC that were based upon religion, and were so severe and pervasive that Plaintiff Canoy felt harassed and his work environment became abusive and/or hostile.

6. Defendant BCC knew or should have known about the harassment of Plaintiff Canoy by co-workers and supervisors, could control the harassers conduct or otherwise protect Plaintiff Canoy and failed to take prompt and appropriate corrective action.

7. The acts of Defendant violated its own written company policy prohibiting religious discrimination. See Exhibit "1"

**JURISDICTION**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

9. This Court has supplemental jurisdiction over the related territorial law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff territorial law claims share all common operative facts with his federal law claim, and the parties are identical. Resolving all territorial and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## VENUE

10. Venue is proper in the District of Guam pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## PARTIES

11. Plaintiff Canoy is and was at all times relevant herein, a permanent resident and a resident of Guam. He is a practicing Catholic and is and has been an adherent of Catholicism since birth.

12. Defendant BCC is a Guam corporation licensed to do business in the Territory of Guam, with its principle place of business in Barrigada, Guam and has continuously had at least fifteen employees during the relevant time period herein.

13. Based upon the doctrines of respondeat superior and/or agency, Defendant BCC is responsible for the acts and omissions of its employees, agents, shareholders, partners, and/or all persons associated with BCC or others that held themselves out as being associated with BCC.

14. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to

act of each Defendant acting individually, jointly, and/or severally.

15. Plaintiff Canoy is ignorant of the true names and capacities of Defendants sued herein as Doe Defendants 1 through 100 and therefore sues said Defendants by such fictitious names. Plaintiff Canoy will amend his Complaint to allege their true names and thereon allege that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff Canoy's damages, as herein alleged, were proximately caused by their conduct. Plaintiff Canoy has made good faith and diligent efforts to identify said Defendants, including interviewing individuals with knowledge of the claims herein. Plaintiff Canoy is informed and believes and therefore alleges that at all times herein mentioned, Defendants, and each of them, were the agents, servants, insurance providers and/or employees of each of the other Defendants herein, and were acting with the permission and consent and within the course and scope of said agency and employment.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16. Plaintiff Canoy has exhausted his administrative remedies. He filed timely administrative charges of discrimination against Defendant BCC with the U.S. Equal Employment Opportunity Commission (EEOC). An unsuccessful attempt was made at conciliation.

17. The EEOC issued a letter of determination on or about May 21, 2012. See Exhibit "2".

**STATEMENT OF THE FACTS**

18. On or about March 26, 2008 Plaintiff Canoy began employment with Defendant BCC as a foreman carpenter.

19. In early April of 2008, while on the job, Plaintiff Canoy was encouraged and requested by his BCC supervisor, Robert Redolozo, to attend a session at Redolozo's church, Iglesia Ni Cristo (INC). Redolozo never asked if Plaintiff Canoy was a member of INC or if he was interested in INC. Redolozo also instructed that he bring his wife to the session.

20. Although Plaintiff Canoy and his wife are practicing Catholics, Plaintiff Canoy felt obligated to accept Redolozo's request as he was Plaintiff Canoy's supervisor and Plaintiff Canoy had only been employed for approximately several weeks. Redolozo's communications to Plaintiff Canoy implied that to remain in good standing with Redolozo and BCC, Plaintiff Canoy needed to attend INC.

21. Upon appearing at the INC session with his wife, Plaintiff Canoy was asked by INC representatives who recruited/invited them. Plaintiff Canoy identified Robert Redolozo. Upon information and belief, members of the INC receive recognition and/or credit for "recruiting" new members. Both Plaintiff Canoy and his wife were very uncomfortable in attending INC because of their Catholic faith, but felt compelled to do so for Plaintiff to maintain his good standing with BCC, his Superiors and keep his job.

22. In mid-April of 2008, Robert Redolozo was still Plaintiff Canoy's supervisor. Redolozo again requested/instructed that Plaintiff Canoy and his wife attend another session of INC. Again Plaintiff Canoy felt compelled to attend because Redolozo was his supervisor and implied that Plaintiff Canoy must attend to remain in good standing with Redolozo and BCC.

23. Despite the coercive circumstances of Redolozo's "request," Plaintiff Canoy and his wife did not attend the session of INC based upon their religious conscience and Catholic faith.

24. Shortly thereafter, having failed to attend the INC session as instructed, Redolozo's demeanor and conduct towards Plaintiff Canoy drastically changed. Plaintiff Canoy was harassed by Redolozo and other employees/supervisors of BCC and wrongfully accused of work errors. This created a hostile work environment for Plaintiff Canoy. Plaintiff Canoy alleges and believes this change in demeanor and action were a direct result of his failure to abide by Redolozo's instruction to attend INC.

25. Co-employees of Plaintiff Canoy at BCC informed him that if he did not comply with Redolozo's requests/instructions to attend INC, he might be in jeopardy of losing his job with BCC. Other employees of BCC informed Plaintiff Canoy that they attend INC at the request/instruction of Redolozo and others at BCC out of fear of losing their jobs. Plaintiff Canoy feared losing his employment with BCC if he did not comply with Redolozo's requests/instructions even though they were contrary to his Catholic faith.

26. Sometime in May, 2008 and June, 2008, while on the job, Redolozo again requested that Plaintiff Canoy and his wife attend INC. While neither Plaintiff Canoy or his wife wanted to attend INC, Plaintiff Canoy felt compelled because of what happened to him previously at work when he had not attended INC pursuant to Redolozo's request/instruction. Due in large part to Redolozo's position of authority over Plaintiff Canoy, Plaintiff Canoy and his wife attended both sessions at INC despite their Catholic beliefs to maintain Plaintiff Canoy's employment and good standing with BCC.

27. After June 2008, Plaintiff Canoy did not attend any further sessions of INC despite further requests/instructions from Redolozo to attend. Plaintiff Canoy continued to adhere to his Catholic beliefs.

28. Shortly after Plaintiff Canoy's refusals to attend further sessions of INC, Redolozo and other supervisors/employees of BCC began a pattern of harassment of Plaintiff Canoy that resulted in a hostile work environment through their actions and statements. The wrongful actions of BCC continued until September of 2008.

29. On or about September 12, 2008, Plaintiff Canoy was terminated from employment with BCC by Joselito Gutierrez. Gutierrez did not allow Plaintiff Canoy any opportunity to address the allegations being made against him for termination, primarily from Robert Redolozo. Plaintiff Canoy's termination was a direct and proximate result of discrimination against of him because of his religious beliefs, including, but not limited to, his refusal to surrender to his supervisor's insistence that he attend INC and for retaliation in opposing religious discrimination at BCC.

## RELIEF ALLEGATIONS

## FIRST CLAIM FOR RELIEF

*Declaratory Relief*

30. Plaintiff Canoy repeats and realleges the allegations set forth in Paragraphs 1 through 29 as though fully set forth herein.

31. An actual controversy exists between Plaintiff Canoy and Defendant BCC regarding their respective rights and duties. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including a declaration that Defendant BCC's conduct violated Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). Plaintiff Canoy is informed and believes, and thereon alleges, that Defendant BCC denies that its actions and/or failures to act were unlawful. Declaratory relief is therefore necessary and appropriate at this time so that Plaintiff Canoy can ascertain his rights.

32. Defendant BCC intentionally acted or failed to act as herein alleged on the basis of Plaintiff Canoy's religion.

33. Defendant BCC acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff Canoy. Plaintiff Canoy is thus entitled to recover punitive damages in an amount to be determined according to proof.

## SECOND CLAIM FOR RELIEF

*Unlawful Discrimination and Discharge on the*

*Basis of Religion in Violation of Title VII*

34. Plaintiff Canoy repeats and realleges the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

35. Defendant BCC's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of religion. The term "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

36. Defendant BCC discriminated against Plaintiff Canoy in violation of Title VII when it subsequently terminated him because of his refusal to abandon his Catholic faith and attend the INC church.

36. As a proximate result of Defendant BCC's discriminatory actions, Plaintiff Canoy has suffered losses in compensation, earning capacity, humiliation, mental anguish, and/or negligent and/or intentional infliction of emotional distress and was otherwise injured. As a result of those actions and consequent harms, Plaintiff Canoy has suffered such damages in an amount to be proved at trial.

37. Defendant BCC's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff Canoy's rights.

38. Plaintiff Canoy requests relief as described in the Prayer for Relief below.

## THIRD CLAIM FOR RELIEF

*Unlawful Failure to Accommodate Religious Beliefs in Violation of Title VII*

39. Plaintiff Canoy repeats and realleges the allegations set forth in Paragraphs 1 through 38 as though fully set forth herein.

40. Defendant BCC's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j), which requires an employer to "accommodate" religious practices and beliefs.

41. Defendant BCC acted in violation of Title VII when, rather than initiating steps toward accommodating his religious practice, Defendant BCC harassed and intimidated Plaintiff Canoy, and created a hostile work environment and subsequently led to Plaintiff Canoy being terminated because of his religious beliefs.

42. Accommodating Plaintiff Canoy's religious practice would not have caused Defendant BCC an undue hardship.

43. As a proximate result of Defendant BCC's discriminatory actions, Plaintiff Canoy has suffered losses in compensation, earning capacity, humiliation, mental anguish, emotional distress. As a result of such actions and consequent harms, Plaintiff Canoy has suffered such damages in an amount to be proved at trial.

44. Defendant BCC's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff Canoy's rights.

45. Plaintiff Canoy requests relief as described in the Prayer for Relief below.

## FOURTH CLAIM FOR RELIEF

*Negligent Hiring, Training, Supervision and/or Retention*

46. Plaintiff Canoy repeats and realleges the allegations set forth in paragraphs 1 through 45, as though fully set forth herein.

47. At all times relevant herein, Defendant BCC's managers, supervisors, agents, and employees were required to act under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by the corporate Defendant.

48. Defendant BCC's managers, supervisors, agents and employees acted in contravention to their duty of care to Plaintiff Canoy, negligently, carelessly and recklessly, by failing to properly train, supervise, control, direct and/or monitor directions pertaining to the work environment of Plaintiff Canoy.

49. Defendant BCC was negligent in the hiring, training, supervision and/or retention of Robert Redolozo, Joselito Gutierrez, and other supervisors/employees/agents of BCC.

50. As a direct and proximate result of the acts and omissions of BCC and its managers, supervisors, agents and/or employees, Plaintiff Canoy was wrongfully and tortiously subjected to humiliation, embarrassment, loss of personal dignity, and other damages heretofore alleged in the proceeding paragraphs of this Complaint.

**FIFTH CLAIM FOR RELIEF**

*INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

51. Plaintiff Canoy realleges and incorporates by reference paragraphs 1 through 50 as if said paragraphs were fully set forth herein.

52. Based upon the verified factual allegations as specifically set forth herein, Defendant BCC named herein is liable to Plaintiff Canoy for negligent and/or intentional infliction of severe emotional distress.

53. As a result of the Defendant BCC's negligent and/or intentional infliction of severe emotional distress, Plaintiff Canoy requests relief as described in the Prayer for Relief below.

**PUNITIVE DAMAGES AS TO THE CLAIMS ALLEGED IN THIS COMPLAINT**

54. In performing all the acts described above, Defendants and each of them acted wantonly, oppressively, or with such malice as implies such spirit of mischief or criminal indifference to civil obligations and/or with such willful misconduct and that entire want of care which creates the presumption of a conscious indifference to the consequences, and is therefore liable to Canoy for punitive damages in an amount to be shown at trial.

**DEMAND FOR JURY**

55. The Plaintiff hereby demands a jury of **six (6)** persons.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rolando T. Canoy prays for judgment against Defendants, and each of them joint and severally, as follows:

1. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII of the Civil Rights Act of 1964;

2. For general and special damages according to proof at the time of trial;

3. For punitive and exemplary damages in an amount to be proven at trial;

4. For attorney's fees and costs of the action, prejudgment interest and post judgment interest; and

5. For such other and further relief as the Court deems just and proper.

**DATED** this 17th day of August, 2012.

**LUJAN AGUIGUI & PEREZ LLP**

By: ______________________________

**DAVID J. LUJAN, ESQ.**
*Attorneys for Plaintiff Rolando T. Canoy*

**VERIFICATION**

Guam ) 
) ss:
City of Hagåtña )

I, ROLANDO T. CANOY, being first duly sworn, depose and state that I am a Plaintiff in the above-entitled action and that I have read the COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR EMPLOYMENT DISCRIMINATION; DEMAND FOR JURY TRIAL and know the contents thereof. The same is true of my knowledge except as to matters which are therein alleged upon information and belief, and as to those matters I believe them to be true.

Dated this 17th day of August, 2012.

**ROLANDO T. CANOY.**

SUBSCRIBED AND SWORN to before me this 17th day of August, 2012.

**NOTARY PUBLIC**

**EDNA M. TOPASNA**
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: **July 28, 2013**
P. O. Box 138 Hagatna, Guam 96932

# EXHIBIT 1




# BLACK CONSTRUCTION CORPORATION
## EEO POLICY AND STATEMENT

Black Construction Corporation (BCC) is an Equal Opportunity Employer. The opportunities afforded throughout the Company are available equally to all. It is the stated Policy of BCC that our intent is to hire and provide employees with the opportunity to grow, develop and contribute fully to the success of the company. Applicants and employees are evaluated on the basis of job qualifications not race, color, creed, gender, sex (including pregnancy), marital status, registered domestic partner status, age, national origin or ancestry, physical or mental disability, medical condition including genetic characteristics, veteran status, religion (including religious practices whereas accommodations do not cause undue hardship), or any other consideration made unlawful by federal, state or local laws.

Equal opportunity takes place in all employment practices; recruitment, hiring, placements, transfers, promotions, demotions, compensation, benefits, layoffs, returns from layoffs, terminations, job elimination, selection for training, approval/disapproval of leave requests.

It is also the policy of BCC not to discharge or otherwise discriminate against any employee because such employee has filed a bonafide complaint or claim or instituted or caused to be instituted, any proceeding under or relating to his or her rights with any state or federal government agency, including the Government of Guam Division of Occupational Safety and Health, or has testified or is about to testify in any such proceeding in the exercise of any rights afforded such employee, or because such employee participated in an Occupation of Health and Safety committee established pursuant to Labor Code Section 6401.7.

To achieve continued compliance, it is necessary that each member of BCC understand the importance of the policy. Supervisors and Managers at all levels are responsible for assuring full compliance with this policy in their respective areas. Each employee is responsible for supporting equal opportunity, assisting the Company in meeting its objectives in this area, and assuring that his/her own behavior conforms to the Company's commitment to Equal Employment Opportunity.

P.O. Box 24667, GMF, Guam 96921 • Phone: (671) 646-4861 • Fax: (671) 646-9086
Web Address: www.blackconstructionguam.com




Mark J. Mamczarz, Vice President of BCC, has been designated Equal Employment Opportunity (EEO) Officer. Inquiries concerning the application of federal and state laws and regulations should be directed to his attention. As the designated EEO Officer, he is responsible for administering program progress and recommending and/or initiating corrective action when appropriate. All personnel actions are monitored and analyzed to ensure the adherence of this policy.

**Black Construction Corporation**

Leonard K. Kaae
Sr.VicePresident / General Manager

2/17/11
Date

Mark J. Mamczarz
Vice President / EEO Officer

2/17/11
Date